UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. B., | No.  1:26-cv-00308-TLN-DMC-HC |
| Petitioner, | |
| v. | <u>ORDER</u> |
| KRISTI NOEM, et. al., | <u>And</u> |
| Respondents. | <u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. <u>See</u> ECF Nos. 1 and 3.

Petitioner was initially detained and released under an order of supervision on June 7, 2022. <u>See</u> ECF No. 1, pg. 6. Petitioner asserts that he was issued a work authorization on September 19, 2023. <u>See id.</u> Petitioner argues he was denied due process when re-detained on November 18, 2025, without notice or a pre-deprivation bond hearing. <u>See id.</u> at 8 and 15.

The District Judge granted the motion for temporary restraining order and ordered Respondents to show cause why a preliminary junction should not be issued. <u>See</u> ECF No. 6. In ordering the temporary restraining order, the Court found that Petitioner established a likelihood of success on the merits of his due process claim. <u>See id.</u> at 3. Specifically, the Court found that Petitioner "gained a liberty interest in his continued freedom when ICE elected to release him

1

three years ago." See id. at 4. Further, the Court found that Petitioner was entitled to due process, "a hearing to determine whether detention is warranted." Id. at 5. Pursuant to the temporary restraining order, Respondents were ordered to immediately release Petitioner "under the same conditions as he was released previously, prior to his November 27, 2025, detention." Id. at 6. Respondents were further ordered show cause why the Court should not issue a preliminary injunction on the same grounds. See id. at 7.

Respondents filed a joint opposition to injunctive relief and opposition to the petition. See ECF No. 10. On February 3, 2026, the Court issued a preliminary injunction, rejecting Respondents' argument, finding Petitioner is "not [an] 'applicant[] for admission' subject to 8 U.S.C. § 1225. See ECF No. 13, pg. 3 (citing Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *2 (E.D. Cal. Dec. 11, 2025); Hortua v. Chestnut, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); F.V.A.V. v. Wofford, et al., No. 1:25-cv-01763-TLN-JDP, ECF No. 16 (E.D. Cal. Dec. 19, 2025); cf. F.S.S.M. v. Wofford, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025). The District Judge stated, "[w]ithout new facts, reasoning, or a higher court order finding otherwise, this Court will not reconsider its position from prior rulings." Id. Accordingly, a preliminary injunction was issued and Respondents were ordered:

> 1. Respondents shall not impose any additional restrictions on Petitioner M.B., unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.
>
> 2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his counsel present.
>
> Id. at 4.

The matter was referred to the undersigned for further proceedings.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 9, and in other cases as cited by the District Judge in ECF No.13, see also Sarfaraz Mohammed v.

Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020 (E.D. Cal. Jan. 15, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned ORDERS and RECOMMENDS that:

1.      Respondents are ORDERED to file a notice certifying compliance with the Court's order, ECF Nos. 6 and 13, on or before February 13, 2026.

2.      It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED, as to Petitioner's due process claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3