**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.B.,<br>Plaintiff,<br>v.<br>KRISTI NOEM, et al,<br>Defendant. | No. 1:26-cv-00308-TLN-ICD<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner M.B. ("Petitioner"), a former immigration detainee proceeding through counsel, obtained a writ of habeas corpus under 28 U.S.C. § 2241 after U.S. Immigration and Customs Enforcement ("ICE") re-detained him without notice or a hearing. Pending before the Court is his motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 20. Respondents oppose the motion and, in the alternative, ask the Court to defer ruling until the Supreme Court decides Montoya Palacios v. Liggins, No. 25-1223. ECF No. 22. Petitioner has replied. ECF No. 23. The motion is before the undersigned for findings and recommendations. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 54(d)(2)(D).

For the reasons below, the undersigned recommends that Respondents' request to defer ruling be denied and that Petitioner's motion be granted in the full amount requested: $5,148.35 in fees and costs.

**I. BACKGROUND**

Petitioner, a native and citizen of Turkiye, entered the United States without inspection on June 7, 2022. ECF No. 1 ¶ 19. U.S. Customs and Border Protection apprehended him near the border that day and released him under an order of supervision. Id. Over the next three years, he

reported to ICE as directed, applied for asylum, and obtained employment authorization. Id. ¶¶ 19–20. He has no criminal record. Id. ¶ 26.

In November 2025, ICE asked Petitioner to report to its office. Id. ¶ 21. When he did so on November 18, 2025, ICE detained him without notice or a hearing. Id. ¶¶ 21, 47; ECF No. 20 at 3. He was then placed in removal proceedings under 8 U.S.C. § 1229a. ECF No. 1 ¶ 22. On December 31, 2025, an immigration judge denied his request for bond for lack of jurisdiction under Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025). Id. ¶ 23.

On January 15, 2026, Petitioner filed a verified petition for writ of habeas corpus and a motion for a temporary restraining order ("TRO"). ECF No. 1; see ECF No. 15 at 1. The District Judge granted the TRO and ordered Petitioner's release. ECF No. 6. The District Judge found Petitioner likely to succeed on his due process claim because he "gained a liberty interest in his continued freedom when ICE elected to release him three years ago" and was entitled to "a hearing to determine whether detention is warranted." Id. at 4–5.

Respondents opposed preliminary injunctive relief and the petition. ECF No. 10. They argued that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and that he therefore had no due process right to notice or a hearing before re-detention. See id.; ECF No. 15 at 2; ECF No. 20 at 4. On February 3, 2026, the District Judge rejected that argument, consistent with prior rulings, explaining that "[w]ithout new facts, reasoning, or a higher court order finding otherwise, this Court will not reconsider its position from prior rulings." ECF No. 13 at 3 citing, inter alia, Morales-Flores v. Lyons, No. 1:25-cv-01640-TLN-EFB, 2025 WL 3552841, at *2 (E.D. Cal. Dec. 11, 2025), and Hortua v. Chestnut, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025)). The District Judge then issued a preliminary injunction barring Respondents from re-detaining Petitioner without seven days' notice and a pre-deprivation hearing before a neutral decisionmaker, at which the government must prove by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. Id. at 4.

The magistrate judge previously assigned to this case recommended that the petition be granted on Petitioner's due process claim, finding that "Petitioner's re-detention without notice or

a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment." ECF No. 15 at 3. On March 20, 2026, the District Judge adopted those findings and recommendations in full and granted the petition. ECF No. 18. Judgment was entered the same day. See ECF No. 20 at 2. Respondents did not appeal.

Petitioner filed this motion on June 17, 2026. (ECF No. 20.) He initially sought $3,235.75: $3,230.75 for 12.5 attorney hours at $258.46 per hour, plus the $5.00 filing fee. Id. at 2; ECF No. 20-2 at 3. Respondents oppose the motion on two grounds: (1) a habeas proceeding is not a "civil action" under the EAJA; and (2) their position was substantially justified. ECF No. 22 at 2. Alternatively, they ask the Court to "decline to rule" on the motion "while relevant litigation unfolds at the Supreme Court." Id. at 3 (citing Montoya Palacios v. Liggins, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026) (granting certiorari)). Respondents do not dispute that Petitioner is a prevailing and eligible party, that the motion is timely, or that the amount requested is reasonable. (See generally id.) With his reply, Petitioner submitted an updated billing statement that includes the time spent on the reply. He now seeks $5,148.35: $5,143.35 for 19.9 attorney hours, plus the filing fee. ECF No. 23 at 7; ECF No. 23-1 at 2.

## II. LEGAL STANDARD

Under the "American rule," litigants ordinarily bear their own litigation expenses unless a statute or private agreement provides otherwise. Carbonell v. INS, 429 F.3d 894, 897–98 (9th Cir. 2005). The EAJA is one such statute. Id. at 898. It provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party is eligible for fees under the EAJA if (1) the party prevailed; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the party applied within 30 days of final judgment, with an itemized statement. Comm'r, INS v. Jean, 496 U.S. 154, 158 (1990); 28 U.S.C. § 2412(d)(1)(B). An individual must also have had a

net worth of no more than $2,000,000 when the action was filed. 28 U.S.C. § 2412(d)(2)(B). Any fees awarded must be reasonable. Id. § 2412(d)(2)(A).

The government bears the burden of showing that its position was substantially justified. Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (citing Gonzales v. Free Speech Coal., 408 F.3d 613, 618 (9th Cir. 2005)). A position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Put differently, the position must have a "reasonable basis both in law and fact." Id. (internal quotation marks omitted); see Renee v. Duncan, 686 F.3d 1002, 1017 (9th Cir. 2012). The "position of the United States" includes both "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); see Ibrahim v. U.S. Dep't of Homeland Sec., 912 F.3d 1147, 1168 (9th Cir. 2019) (en banc). The government also bears the burden of showing that special circumstances make an award unjust. Love v. Reilly, 924 F.2d 1492, 1495 (9th Cir. 1991).

## III. ANALYSIS

### A. Respondent's Request to Defer Ruling

Respondents ask the Court to "decline to rule" on Petitioner's motion until the Supreme Court decides Montoya Palacios. ECF No. 22 at 3. The undersigned construes this as a request to stay proceedings on the motion and recommends that it be denied.

A district court has the "discretionary power to stay proceedings" as part of its inherent authority to control its docket. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In deciding whether to stay, the Court weighs "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997). If there is "even a fair possibility" that a stay will harm the opposing party,

the proponent "must make out a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255. And "[i]f a stay is especially long or its term is indefinite," the Ninth Circuit "require[s] a greater showing to justify it." Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000).

Respondents have not carried that burden. Their request is a single sentence, and it identifies no hardship or inequity they would suffer if the Court rules now. ECF No. 22 at 3. The stay they seek, by contrast, would be long and indefinite. The Supreme Court granted certiorari on June 29, 2026; merits briefing is still underway, and no argument date has been set. See Montoya Palacios v. Liggins, No. 25-1223 (U.S.) (respondents' merits brief due November 19, 2026). A decision may not issue until the end of the Term in mid-2027. In the meantime, counsel would go unpaid for work performed as early as January 2026, which risks discouraging attorneys, already limited to the EAJA's statutory rate, from representing immigration habeas petitioners. See Perez Fombona v. Bondi, No. 1:26-cv-1315-DAD-JDP, 2026 WL 2905800, at *2 (E.D. Cal. Sept. 28, 2026) (findings and recommendations); Marianela Leon E. v. Wofford, No. 1:25-cv-01101-JLT-EGC (HC), 2026 WL 2640896, at *2 (E.D. Cal. Sept. 8, 2026) (findings and recommendations). The first two factors therefore weigh against a stay.

The third factor does not change the balance. Montoya Palacios may bear on whether the EAJA reaches immigration habeas proceedings, but it will not resolve whether Respondents' position was substantially justified or whether the requested fees are reasonable. And a district court's concern for judicial efficiency "standing alone is not necessarily a sufficient ground to stay proceedings." In re PG&E Corp. Sec. Litig., 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007)). Nor does a grant of certiorari change the law that governs in the meantime. See Yong, 208 F.3d at 1119 n.2. Respondents' interest in the outcome of Montoya Palacios is protected by their ability to object to these findings and recommendations and, if necessary, to appeal.

Consistent with the many courts in this circuit that have declined identical requests, the undersigned recommends that Respondents' request to defer ruling be denied. See, e.g., Perez Fombona, 2026 WL 2905800, at *2; Marianela Leon E., 2026 WL 2640896, at *2; Ortiz

Landazuri v. Mullin, No. 5:26-cv-1419-WLH-DFM, 2026 WL 2326095, at *2 (C.D. Cal. Aug. 11, 2026); Jaraba Oliveros v. Kaiser, No. 5:25-cv-7117, 2026 WL 2323824, at *3 (N.D. Cal. Aug. 11, 2026); E.A.P.C. v. Wofford, No. 1:25-cv-1546-JLT-CDB, 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026).

**B. Whether This Is a "Civil Action" Under the EAJA**

Respondents argue that the EAJA does not apply because "habeas corpus proceedings are not civil actions under the EAJA." ECF No. 22 at 2. They rely on a footnote in Schlanger v. Seamans, 401 U.S. 487, 490 n.4 (1971), and on the brief they filed at the certiorari stage of Montoya Palacios. (Id. at 1–2.) The argument is unpersuasive.

The EAJA reaches "any civil action (other than cases sounding in tort)." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). "It is well settled that habeas corpus is a civil proceeding." Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 269 (1978). The footnote from Schlanger is not to the contrary. There, the Supreme Court acknowledged that habeas corpus is "technically 'civil,'" and concluded only that 28 U.S.C. § 1391(e), a venue and service-of-process statute, does not reach habeas proceedings. 401 U.S. at 490 n.4. That conclusion rested on the legislative history of § 1391(e), which "does not bear on whether the usage of 'civil action' in the EAJA includes habeas proceedings." Doe v. Chestnut, No. 1:25-cv-01372-CDB (HC), 2026 WL 1459808, at *2 (E.D. Cal. May 25, 2026). And Schlanger's observation that habeas is "not automatically subject to all the rules governing ordinary civil actions," Schlanger, 401 U.S. at 490 n.4, says nothing about a statute that applies to "any" civil action, subject to a single exception for tort cases that does not apply here. See Doe, 2026 WL 1459808, at *2.

The Ninth Circuit has held that a noncitizen's habeas petition challenging his exclusion is subject to the EAJA, reasoning that courts "must look to the substance of the remedy sought, not the labels attached to the claim." In re Hill, 775 F.2d 1037, 1040–41 (9th Cir. 1985). It has also awarded EAJA fees to a noncitizen who prevailed on a habeas challenge to his immigration detention. Nadarajah v. Holder, 569 F.3d 906, 909–10 (9th Cir. 2009) (order). Respondents address neither decision, and a grant of certiorari in an out-of-circuit case does not displace them. See Yong, 208 F.3d at 1119 n.2.

The undersigned recognizes that the courts of appeals are divided. The Second, Third, and Tenth Circuits have held that habeas challenges to immigration detention are civil actions under the EAJA. Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 432 (3d Cir. 2026), petition for cert. filed, No. 26-145 (U.S. July 30, 2026); Daley v. Ceja, 158 F.4th 1152, 1162 (10th Cir. 2025); Vacchio v. Ashcroft, 404 F.3d 663, 672 (2d Cir. 2005). The Third and Tenth Circuits relied in part on Congress's use of the phrase "any civil action (other than cases sounding in tort)." See Michelin, 169 F.4th at 429–31; Daley, 158 F.4th at 1165–66. The Fourth and Fifth Circuits have reached the opposite conclusion. Obando-Segura v. Garland, 999 F.3d 190 (4th Cir. 2021); Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023). Given the Supreme Court's longstanding characterization of habeas as a civil proceeding, and the EAJA's application to "any" civil action other than one sounding in tort, the undersigned agrees with the Second, Third, and Tenth Circuits. So has the District Judge assigned to this case, see Gurjinder S. v. Warden, No. 1:26-cv-0188-TLN-CSK, 2026 WL 2110865, at *2 (E.D. Cal. July 22, 2026) ("Courts in this district have held that habeas petitions are civil actions for purposes of fee awards under the EAJA."), as have other courts in this district and circuit, see, e.g., Zuniga Zuniga v. Chestnut, No. 1:26-cv-2309-TLN-JDP, 2026 WL 2884269, at *1–2 (E.D. Cal. Sept. 25, 2026) (findings and recommendations); Perez Fombona, 2026 WL 2905800, at *2; Doe, 2026 WL 1459808, at *2; S.F. v. Bostock, No. 3:25-cv-1084-MTK, 2026 WL 1230044, at *3 (D. Or. May 5, 2026), appeal docketed, No. 26-4296 (9th Cir. July 7, 2026); Krajekian v. Cantu, No. 25-cv-2666-DJH-CDB, 2026 WL 598226, at *3 (D. Ariz. Jan. 2, 2026), report and recommendation adopted, 2026 WL 596300 (D. Ariz. Mar. 3, 2026).

This proceeding is therefore a "civil action" under § 2412(d)(1)(A), and the EAJA applies.

**C. Prevailing Party, Eligibility, and Timeliness**

Respondents do not contest the remaining threshold requirements, and the undersigned finds them satisfied. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 604–05 (2001); see Perez-Arellano v. Smith, 279 F.3d 791, 794 (9th Cir. 2002) (applying Buckhannon to the EAJA); Carbonell, 429 F.3d at 898–99. Here, the District Judge ordered Petitioner's release, enjoined his re-detention absent constitutionally adequate

process, granted the petition on the merits, and entered judgment in his favor. (ECF Nos. 6, 13, 18). Second, Petitioner is an eligible party. He attests that his net worth does not, and never has, exceeded $2,000,000. (ECF No. 20-1 ¶ 2.) See 28 U.S.C. § 2412(d)(2)(B).

Third, the motion is timely. An application must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is one that is "final and not appealable." Id. § 2412(d)(2)(G). Because the United States is a party, the parties had 60 days to appeal the March 20, 2026 judgment. Fed. R. App. P. 4(a)(1)(B). The judgment therefore became final on May 19, 2026, and the application was due by June 18, 2026. Petitioner filed his motion on June 17, 2026, with an itemized statement of the time expended and the rate claimed. (ECF Nos. 20, 20-2.)

**D. Whether Respondents' Position Was Substantially Justified**

Respondents argue that their position was substantially justified because their "litigating position relied on a credible interpretation of 8 U.S.C. § 1225, one which remains an open question in the Ninth Circuit." ECF No. 22 at 2. They note that the Fifth and Eighth Circuits, and one court in this district, have adopted their reading of § 1225. (Id. (citing Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026); Alonzo v. Noem, No. 1:25-cv-01519-WBS-SCR, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025)).) The undersigned agrees that the government's loss on the merits does not, by itself, show that its position lacked substantial justification. See Pierce, 487 U.S. at 569. But Respondents' argument fails for three reasons.

1. Respondents Do Not Defend the Position on Which Petitioner Prevailed

First, Petitioner did not prevail on a question of statutory interpretation alone. He prevailed on his claim that re-detaining him without notice or a pre-deprivation hearing violated the Due Process Clause. ECF No. 15 at 3; ECF No. 18. The "position of the United States" therefore includes ICE's decision to re-arrest Petitioner (after he had lived in the community under a supervision order for more than three years, applied for asylum, obtained work authorization, and appeared when ICE asked him to) without notice, without a hearing, and without any identified change in circumstances. See 28 U.S.C. § 2412(d)(2)(D). Respondents'

opposition does not mention that conduct, much less explain why it had a reasonable basis in law and fact. Nor do Respondents contend that Petitioner violated any condition of his release. As in other recent cases in this district, Respondents "have not argued that their litigation position was substantially justified with respect to the due process ground on which petitioner obtained relief." Zuniga Zuniga, 2026 WL 2884269, at *2. Because the burden is theirs, that omission weighs against Respondents. See Thangaraja, 428 F.3d at 874.

Nor can Respondents isolate the statutory question and treat it as the whole case. The EAJA calls for "only one threshold determination for the entire civil action," and it "favors treating a case as an inclusive whole, rather than as atomized line-items." Jean, 496 U.S. at 159, 162; see Ibrahim, 912 F.3d at 1169–71. When the agency action that gave rise to the litigation was not substantially justified, the Court need not decide whether the government's litigation position was. See Meier v. Colvin, 727 F.3d 867, 872 (9th Cir. 2013).

2. ICE's Re-Detention of Petitioner Lacked a Reasonable Basis

Second, ICE's decision to re-detain Petitioner was not substantially justified when it was made. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects," and that protection extends to all persons within the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 690, 693 (2001). Long before November 2025, the Supreme Court had made clear that "the Constitution requires some kind of a hearing before the State deprives a person of liberty or property," Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original), and that a person on conditional release has a protected liberty interest in remaining free, see Morrissey v. Brewer, 408 U.S. 471, 482 (1972). The Ninth Circuit, in turn, had recognized that "due process requires adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint." Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017) (internal quotation marks omitted).

By November 18, 2025, when ICE re-detained Petitioner, courts in this circuit had repeatedly applied those principles to hold that the government may not re-detain a noncitizen it

previously released into the community without first providing a hearing. See Garro Pinchi v. Noem, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021, 1036–37 (N.D. Cal. 2025) (collecting cases). ICE nonetheless re-arrested Petitioner, without notice or a hearing, when he reported as instructed. Respondents have never reconciled that action with their own decision to release Petitioner in 2022 and leave him in the community for more than three years—a decision reflecting the agency's judgment that his detention was unnecessary. 8 C.F.R. § 1236.1(c)(8) (permitting release where the noncitizen demonstrates that release "would not pose a danger to property or persons" and that he "is likely to appear for any future proceeding"). Nor have Respondents identified any change in circumstances that prompted the re-arrest. See Tzafir v. Blanche, No. 25-cv-02126-JHC, 2026 WL 1413606, at *2 (W.D. Wash. May 20, 2026) (finding the government's position not substantially justified where the petitioner complied with release conditions for years before re-arrest, and reasoning that "when revoking a noncitizen's OSUP, the government must articulate changed circumstances in the noncitizen's case"). Courts in this district have repeatedly found materially similar conduct not substantially justified. See Perez Fombona, 2026 WL 2905800, at *3; Zuniga Zuniga, 2026 WL 2884269, at *2; Marianela Leon E., 2026 WL 2640896, at *3–4; Doe, 2026 WL 1459808, at *3.

3. Respondents' Statutory Position Does Not Supply a Reasonable Basis

Third, even if Respondents' reading of § 1225(b)(2) were correct, it would not justify the position on which they lost. A statute mandating detention does not displace the Due Process Clause. In construing one such statute, the Supreme Court made clear that its "decision today on the meaning of that statutory provision does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Nielsen v. Preap, 586 U.S. 392, 420 (2019); see Zadvydas, 533 U.S. at 695 (Congress's plenary power over immigration "is subject to important constitutional limitations"). Respondents' contention that Petitioner had no due process right to a hearing because § 1225(b)(2) mandated his detention therefore lacked a reasonable basis in law. See Doe, 2026 WL 1459808, at *3; Marianela Leon E., 2026 WL 2640896, at *3–4. Respondents do not suggest that the out-of-circuit decisions on which they rely, which they describe as holding that noncitizens present without admission are

subject to mandatory detention and are not entitled to a bond hearing, address that constitutional question. ECF No. 22 at 2.

Respondents' statutory position was also difficult to defend on its own terms. Before Respondents answered the petition, the District Judge had rejected the same argument in several cases, see Morales-Flores, 2025 WL 3552841, at *2; Hortua, 2025 WL 3525916, at *3, and Respondents offered no "new facts, reasoning, or a higher court order" warranting a different result (ECF No. 13 at 3). Courts across the country had rejected the argument hundreds of times. See Barco Mercado v. Francis, 811 F. Supp. 3d 487, 494 (S.D.N.Y. 2025) (noting more than 350 decisions across approximately 50 courts rejecting the government's position). Although "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified," "a string of losses can be indicative." Pierce, 487 U.S. at 569. The undersigned recognizes that the Ninth Circuit had not resolved the question when Respondents took their position, and that two courts of appeals have since accepted Respondents' reading—in divided decisions issued after ICE re-detained Petitioner and after Respondents answered the petition. The undersigned need not decide whether the statutory position, standing alone, could satisfy a reasonable person, however, because the government's position as a whole, including the agency conduct that gave rise to this action and Respondents' due process argument, was not substantially justified. See Jean, 496 U.S. at 159, 162. The undersigned notes only that the Ninth Circuit has since joined the majority of courts of appeals to address the question in rejecting Respondents' reading of § 1225(b)(2). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026); accord Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL 2352042, at *17 (1st Cir. Aug. 13, 2026); Barbosa da Cunha v. Freden, 175 F.4th 61, 69 (2d Cir. 2026); Buele Morocho, No. 26-1150 (3d Cir. Aug. 28, 2026); Lopez-Campos v. Raycraft, 175 F.4th 713, 732 (6th Cir. 2026); Cirrus Rojas v. Olson, 183 F.4th 909, 915 (7th Cir. 2026); Santillan Quiroz v. Mullin, 180 F.4th 1226, 1246 (10th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia., 175 F.4th 1258, 1262 (11th Cir. 2026).

In sum, Respondents have not carried their burden of showing that the position of the United States was substantially justified.

**E. Reasonableness of the Fee and Costs**

A reasonable fee under the EAJA is determined by the lodestar method: the number of hours reasonably expended, multiplied by a reasonable hourly rate, adjusted only in rare cases. United States v. $12,248 U.S. Currency, 957 F.2d 1513, 1520 (9th Cir. 1991) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Although Respondents do not challenge the amount requested, the undersigned has independently reviewed counsel's records to ensure that the award excludes hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

The EAJA caps attorney's fees at $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit publishes the statutory maximum rate adjusted for the cost of living; the rate for 2025 is $258.46 per hour. See Thangaraja, 428 F.3d at 876–77; U.S. Court of Appeals for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/. Counsel requests that rate for all attorney time, including time spent in 2026, for which no adjusted rate had been posted when the motion was filed. ECF No. 20 at 9 & n.1; ECF No. 23-1 ¶ 2. Because the statutory maximum rises with the cost of living, applying the 2025 rate to 2026 work does not exceed the applicable cap. Counsel attests that market rates for comparable services are significantly higher ECF No. 20-2 ¶ 5, and Respondents do not contend otherwise. The undersigned finds a rate of $258.46 per hour reasonable.

Counsel billed 19.9 hours. ECF No. 20-2 at 3; ECF No. 23-1 at 2. The client file review and interview took 2.5 hours, while research and drafting of the habeas petition required 3.0 hours. Id. The motion to proceed by pseudonym was prepared in 1.0 hour. Id. Research and drafting of the TRO motion accounted for another 3.0 hours. Id. Reviewing the answer and drafting the reply took 1.0 hour. Id. Preparation of the EAJA motion took 2.0 hours, followed by 7.4 hours devoted to drafting the reply in support of the EAJA motion. Id.

This time is reasonable. The merits work, including 10.5 hours to evaluate the case, prepare a verified petition, a TRO motion, and a pseudonym motion, and respond to Respondents'

answer, was performed on an emergency basis by a single attorney with more than 25 years of immigration practice. ECF No. 20-2 ¶¶ 1, 3. Time spent litigating the fee application is also compensable, see Jean, 496 U.S. at 162–66, and the 9.4 hours devoted to the motion and reply were reasonable.

The total is also in line with, and often below, the hours found reasonable in comparable immigration habeas cases in this district. See e.g., Perez Fombona, 2026 WL 2905800, at *4 (22.0 attorney hours); Zuniga Zuniga, 2026 WL 2884269, at *4 (25 attorney hours); Karla D. R. v. Chestnut, No. 1:26-cv-1137-TLN-CKD, 2026 WL 1906168, at *2 (E.D. Cal. July 2, 2026) (19.6 attorney hours and 10.2 paralegal hours); Gurjinder S., 2026 WL 2110865, at *8 (57 attorney hours and 3 legal assistant hours); A.S., 2026 WL 1847393, at *2 (12.5 attorney hours); Oscar C.M. v. Knight, No. 1:25-cv-01915-TLN-SCR, 2026 WL 743350 (E.D. Cal. Mar. 17, 2026) (approximately 13 attorney hours). Petitioner also seeks the $5.00 filing fee, which is recoverable. See 28 U.S.C. §§ 1920(1), 2412(a)(1).

The undersigned therefore recommends an award of $5,143.35 in attorney's fees (19.9 hours × $258.46) and $5.00 in costs, for a total of $5,148.35. Petitioner's request for fees for any further briefing (ECF No. 23 at 7) is moot because none was filed. If Respondents object to these findings and recommendations, Petitioner may submit, with any response, a supplemental statement of the time reasonably spent responding.

**F. Payment of the Award**

An EAJA award is payable to the litigant and is subject to offset to satisfy a pre-existing debt the litigant owes the United States. Astrue v. Ratliff, 560 U.S. 586, 589 (2010). Petitioner has assigned any award to his counsel. ECF No. 20-1 ¶ 6. Consistent with Ratliff and the practice in this district, the award should be made payable to Petitioner; if the Department of the Treasury determines that Petitioner does not owe a federal debt, Respondents should pay the award directly to Petitioner's counsel. See Doe, 2026 WL 1459808, at *5; Perez Fombona, 2026 WL 2905800, at *4.

///

## IV. CONCLUSION

Accordingly, it is recommended that:

1. Plaintiff's Respondents' request to defer ruling pending the Supreme Court's decision in Montoya Palacios v. Liggins, No. 25-1223 (ECF No. 22 at 3), be DENIED;
2. Petitioner's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act (ECF No. 20), as supplemented in his reply (ECF No. 23), be GRANTED;
3. Petitioner be AWARDED $5,143.35 in attorney's fees and $5.00 in costs, for a total of $5,148.35, under 28 U.S.C. § 2412; and
4. The award be made payable to Petitioner and, if the Department of the Treasury determines that Petitioner does not owe a federal debt subject to offset, Respondents be directed to pay the award directly to Petitioner's counsel, Wiley & Jobson, LLP, under Petitioner's assignment ECF No. 20-1 ¶ 6.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 16, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE